# Exhibit A (Statement of Claim)

**IV: Statement of Claim**

1. Plaintiff and his beneficiaries (Nataliya Rogatch, wife and Diana Rogatch, daughter) have properly filed through his employer USCIS form I-485, Application to Register Permanent Residence or to Adjust Status (AOS), pursuant to Section 245 of the Immigration & Naturalization Act on March 16, 2004. Attached hereto as **Exhibit B** is an acknowledgement receipt by the USCIS.
2. Plaintiff and his beneficiaries are eligible to receive immigrant visas and are admissible to the United States for permanent residence.
3. Plaintiff's employment-based AOS application was filed along with immigrant petition for alien worker which was approved in September 2004. Approval notice is provided in **Exhibit C**.
4. An immigrant visa was immediately available to the Plaintiff at the time of AOS application was filed.
5. An immigrant visa is immediately available to the Plaintiff at the time of filing this Complaint.
6. Plaintiff and his wife have already been fingerprinted in December, 2004 and the results were submitted to USCIS. Plaintiff and his wife have already applied for and received 3 (three) EAD (Employment Authorization Department) cards.
7. USCIS publishes processing dates every month online at: https://egov.immigration.gov/cris/jsps/Processtimes.jsp?SeviceCenter=Vermont

   Vermont Service Center is currently processing AOS applications (form I-485) filed on or before December 31, 2005 (**Exhibit D**) while plaintiff submitted his application in March 2004, twenty one months earlier than the current published processing time.
8. Since April 29th, 2005, Plaintiff has contacted USCIS numerous times about the case status via USCIS customer service phone line and USCIS InfoPass appointments to figure out why the processing of the case has been delayed and received the response that the processing has been delayed pending the results of FBI background check (name check). USCIS response is attached hereto as **Exhibit E.**
9. Plaintiff is residing legally in the United States since March 2000 and has never been convicted in any criminal activity either in the US or abroad.
10. In November, 2005, Plaintiff decided to file a FOIPA (Freedom of Information Privacy Act) to see if the reason behind the FBI Name Check Clearance delay was due to a Record in the FBI Central Record System (CRS). FBI replied that " a search of the automated indices to our central records system files at FBI Headquarters located no records responsive to your FOIPA request". FBI response is attached hereto as **Exhibit F**.

11. Plaintiff discovered the congressional testimony of Robert J. Garrity, Jr., Deputy Assistant Director, FBI, Records Management Division from February 25, 2004. Attached hereto as **Exhibit G**. According to this testimony, "Approximately 85% of name checks are electronically returned to the Department of State as having "No Record" within 72 hours. A "No Record" indicates that the FBI's Central Records System contains no identifiable information regarding this individual. By agreement with the Department of State, partially due to our concern about the time factors in approving visa requests, a "No Record" equates to a "No Objection" to the issuance of a visa. The investigative divisions in the FBI, (i.e., the Counterterrorism Division, the Counterintelligence Division, the Criminal Investigative Division, and the Cyber Division) do not review visa requests where there is no record of the individual". Even though FBI CRS has no records associated with Plaintiff's name, his name check is pending for more than 1000 (thousand) days.

12. On December 13, 2005, Plaintiff sent a letter to FBI Record Management Division via certified mail asking to check on a status and to expedite the processing of the name check associated with Plantiff's I-485 (AOS) application. The US Postal Service certified mail receipt is attached hereto as **Exhibit H**. Plaintiff received no response to his petition.

13. Concerned about his application and that of derivative beneficiaries, in February, 2006 plaintiff faxed a request to USCIS Vermont Service Center asking to expedite the processing of his I-485 Application. Plaintiff received no response to his request.

14. On September 26, 2006, Plaintiff requested Congressional Assistance from the office of James R. Langevin to follow up on this case. Attached is the US Postal Service delivery confirmation receipt as **Exhibit I**. Plaintiff has not received a response to his inquiry as of the date of this petition.

15. On November 24, 2006, Plaintiff appeared at the USCIS Providence Office in order to inquire about the status of his case. Plaintiff was told that the USCIS still have not received the FBI Name Check Clearance and that it has been pending since March 23, 2004. Plaintiff received no estimate from USCIS on timeframe for completing the processing of Plaintiff's application.

16. Plaintiff recently discovered that FBI Name Check cannot be expedited via Congressional inquiry as stated in FBI National Name Check Program - Frequently Asked Questions located on FBI website (http://www.fbi.gov/page2/nationalnamecheck.htm). Copy of the above FAQ is attached hereto as **Exhibit J.** Only USCIS could request expedited processing of Plaintiff's name check and USCIS has failed to do so despite plaintiff's numerous inquiries. Therefore Plaintiff has decided to abandon seeking help from congressional office of James R. Langevin and petition this Honorable Court for the Relief.

17. Because Plaintiff is the primary applicant for employment-based permanent residence, the delay in processing of plaintiff's application resulted in the delay of processing Adjustment of Status applications of his beneficiaries.

18. The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

    - ✓ Plaintiff Vasili Rogatch and his derivative beneficiaries have been unable to obtain legal permanent residence, travel and work without restrictions and accrue time to be eligible for Naturalization as a citizen of the United States.
    - ✓ Plaintiff is unable to advance his career because of USCIS requirements for I-485 employment-based applicants.
    - ✓ Plaintiff endures financial losses associated with filing for extensions of work and travel authorizations with USCIS.

19. The Defendants are unlawfully withholding action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regards to the Plaintiff's case.. At the time of plaintiff's filing the USCIS estimated processing time for I-485 employment-based petitions was from 365 to 540 days. It is currently from 120 to 365 days. The Plaintiff's application is pending for 1000 days and counting. The Plaintiff's belief is that the delay of his application is unjustified and that integrity of the process is violated by USCIS and FBI. The belief is based on the fact that USCIS Vermont Processing Center is currently processing I-485 employment-based applications filed on or before December 31, 2005 and that FBI is able to perform expedited processing of the name check in 30 days.

20. Though the role of Defendants is pivotal in securing the civilians of the United States of America from people planning to do harm on American soil, the Defendants actions in adjudicating the Plaintiff's case have clearly gone beyond the expected processing time and have failed to adhere to their own regulations.

21. The defendants have failed to properly adjudicate this petition. They have failed to adhere to their own regulations and have improperly delayed the processing of the Plaintiff's I-485 Application after the Plaintiff had submitted a properly executed application. It has been 33 (thirty three) months since the Plaintiff has filed his I-485 application.

22. Defendants have clearly not adjudicated or enquired on behalf of the Plaintiff since March 16, 2004. If the Defendants would have even checked the Name Check inquiry a year later they would have found out that the Plaintiff has had "No Record" or "Hit" in the CRS system. Plaintiff is waiting for 33 months for a FBI Name Check Clearance.

23. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements and complete the processing procedures. The Plaintiff has done everything to get his case Adjudicated but the Defendants have clearly not given the Plaintiff any form of relief.

24. Defendants' delay in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving plaintiff of the rights to which he and derivative beneficiaries are entitled.

25. As of December 11, 2006, *1000 days (2 years 9 months) after submitting documents to USCIS*, no resolution on plaintiff's application has been reached so he is filing present Complaint with the Rhode Island District Court. This action challenges only the Defendants' timeliness in adjudication of plaintiff's application, not the granting or denial of that application.

26. Defendant Michael Chertoff is the Secretary of the US Department of Homeland Security and is the direct supervisor of the Director of the U. S. Citizenship and Immigration Services. Therefore he is the ultimate decision-making authority over the plaintiff's pending application with USCIS.

27. Defendant Emilio T. Gonzalez is the Director of the U. S. Citizenship and Immigration Services. He is charged with, among other matters, administering the USCIS by implementing and enforcing the Immigration and Nationality Act. As such, he is a decision-making authority over the matters alleged in this Complaint.

28. Defendant Paul Novak is employed as the Director of the USCIS Vermont Service Center. The plaintiff's I-485 application is being processed at the Vermont Service Center. Paul Novak is a decision-making authority over the plaintiff's pending I-485 application as alleged in this Complaint.

29. Defendant Robert S. Mueller, III is the Director of Federal Bureau of Investigation. He is the ultimate decision-making authority over the plaintiff's pending name check clearance as alleged in this Complaint.

30. Defendant Alberto Gonzales is the Attorney General of the United States. He is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.