IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

*VASILI ROGATCH,*
*Plaintiff*

v. Civil Action No. **CA06-54IML**

*MICHAEL CHERTOFF, ET AL,*
*Defendants*

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Vasili Rogatch, *pro se* and respectfully requests this Honorable Court to grant leave, thereby permitting Plaintiff to file First Amended Complaint in accordance with Rule 15(a) of Federal Rules of Civil Procedure, and states as follows:

1. Plaintiff filed his Complaint in this Court on December 13, 2006. Defendants' original answer was due on February 26, 2007. However, Defendants filed Motion for Enlargement of Time to extend the filing of their answer up to and including March 22, 2007. Plaintiff did not oppose to the extension.

2. On March 22, 2007, Defendants filed a Motion to Dismiss on the grounds that this Court lacks subject matter jurisdiction over the case. Plaintiff partially agrees that the original complaint does not clearly define the Court's jurisdiction. Plaintiff was reluctant to include references to federal laws into the original complaint because the complaint form obtained by Plaintiff at the Clerk's Office of this Court explicitly prohibits citing any cases or statues.

3. Plaintiff seeks leave of this Court to file First Amended Complaint to specify why this Court has jurisdiction over the case and to clarify grounds for the relief sought. The amended complaint does not include any new parties, does not change the relief sought and does not introduce new facts (except references and citations of federal laws).

4. Rule 15 of F.R. Civ. P. provides that leave to amend "shall be freely given when justice so requires." F.R.Civ.P. 15(a). According to the Supreme Court, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Id.

5. Plaintiff asserts that the subject matter jurisdiction can be derived at least from his right to have the USCIS adjudicate his applications within a reasonable time. *See Aboushaban*, 2006 WL 3041086, at *2 (citing *Yu*, 36 F. Supp. 2d at 928-31 (applying the 5 USC 555(b) reasonable time requirement to similar set of facts and regulatory provisions); *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 391-92 (S.D.N.Y. 2004) (same)) so the proposed amendments are not futile in nature.

6. Along with this motion and in accordance with LR Cv 15, Plaintiff is submitting the proposed First Amendment Complaint with Exhibits and supporting memorandum which includes memorandum of law in support of this motion, explains how the amended complaint differs from the original and why the amendment is necessary.

WHEREFORE, Plaintiff respectfully prays that the Court grant this Motion for Leave to File First Amended Complaint.

Respectfully Submitted,

Vasili Rogatch, PRO SE

40 Harvest Street,

Cranston, RI 02920, USA

Phone: 401-946-9173

Cell: 401-419-0208

e-mail: vrogatch@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2007, I filed the within Motion for Leave to File First Amended Complaint with the Clerk of the United States District of Rhode Island and a copy has been forwarded by certified mail, postage prepaid, to the Defendants' Counsel at:

United State Attorney

District of Rhode Island

Robert Clark Corrente,

50 Kennedy Plaza, 8th Floor,

Providence, RI 02903

Vasili Rogatch, PRO SE

40 Harvest Street,

Cranston, RI 02920, USA

Phone: 401-946-9173

Cell: 401-419-0208

e-mail: vrogatch@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

*VASILI ROGATCH,*
*Plaintiff*

v. Civil Action No. **CA06-54IML**

*MICHAEL CHERTOFF, ET AL,*
*Defendants*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff, pursuant to Rules 15(a) of the Federal Rules of Civil Procedure and applicable Local Rules, files this Memorandum In Support of his Motion for Leave to File First Amended Complaint, and in support states:

MEMORANDUM OF LAW

Federal Rule of Civil Procedure 15(a) provides a liberal standard by which federal courts are to judge the propriety of allowing a party to amend its complaint. Where the party moves the court for leave to do so, the rule provides "leave shall be freely given when justice so requires." Fed. R.Civ. Pro. 15(a); see also, Leaseamerica Corp. v. Eckel, 710 F.2d 1470, 1473 (10th Cir. 1983). In the landmark case of Foman v. Davis, the Supreme Court stated "this mandate is to be heeded." 371 U.S. 178, 182 (1962). The Foman Court further held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. at 182. This standard is readily met here, as the more

detailed description of the basis for jurisdiction and grounds for relief in the First Amended Complaint clarifies the scope of the issues presented in this litigation and will prevent the Court's time from being wasted at trial.

The Foman Court held that courts should permit a party to amend its pleadings

[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

There will not be an undue prejudice to the opposing party as the proposed amendments do not add any new parties, do not change the relief sought and do not introduce new facts (except references to similar cases and citations of federal laws). None of the other factors are present in the instant situation.

Therefore, under Rule 15's liberal standard, this Court should permit the Plaintiff to amend its complaint as detailed below:

PROPOSED AMENDMENTS

**a)** Delete section "II. Place of Present Confinement" of the original complaint as not applicable and irrelevant to the complaint and replace it with the following to clarify Court's jurisdiction over this case:

**"II. Jurisdiction and Venue**

A. Jurisdiction

This Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 (Federal question statute) since this is a civil action arising under the Constitution and the laws of the United states, including the Fifth Amendment to the U.S. Constitution, provisions of Title 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act, INA) and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (Declaratory Judgment Act); and under 5 U.S.C. §§ 551, et seq., 701 et seq. (Administrative Procedures Act).

There are no administrative remedies available to Plaintiff to redress the grievances described herein. This action challenges only the Defendants' timeliness in adjudication of his adjustment of status (AOS) petition submitted to USCIS, not the granting or denial of petition, therefore the jurisdictional limitations of 8 U.S.C. § 1252 do not apply.

B. Venue

Pursuant to 28 U.S.C. § 1391(e) venue is proper in this judicial district, because Defendants operate within this district and plaintiff resides in this district."

**b)** The original complaint has very general statement of violation of law by Defendants. Plaintiff seeks to add the following paragraphs to the "Exhibit A. Statement of Claim" to describe grounds for relief more specifically:

31. Section 202 (8 U.S.C. § 1571) of the American Competitiveness in Twenty-first Century Act of 2000 (AC21) clearly lays down the parameters of reasonableness in immigration adjudication, stating: "...It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application."

32. Congress also classified employment-based adjudications pending 180 days or more as "long delayed" in Section 106 (8 U.S.C. § 1154 (g)) of the AC21.

33. Defendants are also required by 5 U.S.C. § 555(b) "within a reasonable time ... to conclude a matter presented... ."

34. Other District Courts have concluded in similar cases that petitioners have a clear right to have application for lawful permanent residency status adjudicated within a reasonable period of time. (*Yu v. Brown*, 36F. Supp. 2d 922, 925 (D.N.M. 1999); *Agbemaple v. INS*, No. 97 C 8457, 1988 WL 292441 (N.D. Ill. May 18, 1988)). For instance, in Yu, where petitioner sought a writ of mandamus to force INS to act on her application for lawful permanent residence two and one half years after she applied, the court concluded that Yu's petition properly stated a claim for mandamus. Also in *Elkhatib v. Bulger*, No. 04-22407-CIV-SEITZ/MCALILEY (S.D.F.2004), *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 391-92 (S.D.N.Y. 2004) courts found that government respondents have a non-

discretionary duty to process plaintiff's application within a reasonable period of time.

35. Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court and states the following grounds for relief:

i. Mandamus Action 28 U.S.C. § 1651

ii. Administrative Procedures Act 5 U.S.C. § 551 et seq. and 5 U.S.C. § 701 et seq.

iii. Declaratory Judgment Act 28 U.S.C. § 2201

c) Make changes to correct formatting and include page numbers in "Exhibit A. Statement of Claim" to conform to Local Rules.

Respectfully Submitted,

Vasili Rogatch, PRO SE

40 Harvest Street,

Cranston, RI 02920, USA

Phone: 401-946-9173

Cell: 401-419-0208

e-mail: vrogatch@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2007, I filed the within Motion for Leave to File First Amended Complaint with the Clerk of the United States District of Rhode Island and a copy has been forwarded by certified mail, postage prepaid, to the Defendants' Counsel at:

United State Attorney

District of Rhode Island

Robert Clark Corrente,

50 Kennedy Plaza, 8th Floor,

Providence, RI 02903

Vasili Rogatch

Vasili Rogatch, PRO SE

40 Harvest Street,

Cranston, RI 02920, USA

Phone: 401-946-9173

Cell: 401-419-0208

e-mail: vrogatch@yahoo.com