IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VASILI ROGATCH, Plaintiff, | |
| v. | C. A. No. 06-541ML |
| MICHAEL CHERTOFF, et al, Defendants. | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

For the reasons set forth in the attached Memorandum, the Government objects to Plaintiff's Motion to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a).

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Adi Goldstein

ADI GOLDSTEIN, #6701
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: adi.goldstein@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify this 9th day of April 2007, I caused a copy of the foregoing Government's Objection to be electronically filed with the Clerk of the Court using the CM/ECF system.

I further certify that a copy of the foregoing document was served by United States Mail, postage prepaid, first-class to Vasili Rogatch, 40 Harvest Street, Cranston RI 02920.

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: adi.goldstein@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VASILI ROGATCH,<br>Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, et al,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C. A. No. 06-541ML |

MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION

Plaintiff filed his Complaint in the above entitled matter on December 13, 2006. Defendants filed their Motion to Dismiss on March 22, 2006. On March 27, 2006, Plaintiff filed his Reply to Defendants' Motion to Dismiss, and also filed the instant motion to amend his Complaint.

Federal Rule of Civil Procedure 15(a) provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In this case, Plaintiff is moving to amend his complaint almost four months after the initial Complaint was filed, and after a responsive pleading was filed. His proposed amendment seeks to "clarify grounds for the relief sought." (P's Motion at ¶ 3.) In his initial Complaint, Plaintiff sought relief under the Mandamus statute, 28 U.S.C. § 1651, and the APA, 5 U.S.C. § 551. Now he seeks to add the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff does not allege any new facts in his proposed amended Complaint.

For the reasons set forth in Defendants' Motion to Dismiss, this suit should be dismissed for lack of subject matter jurisdiction. Defendants' Memorandum in Support of Motion to Dismiss sets forth the reasons why neither the mandamus statute nor the APA provide a basis for ordering the USCIS to adjudicate Plaintiff's adjustment of status application within a set period of time.

The Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, also fails to provide this Court with jurisdiction. The DJA provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Although the DJA enlarged the range of remedies available in federal courts, it did not extend federal courts' jurisdiction. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). The DJA is a procedure statute, not a jurisdictional one. Id. "The use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201." Janakes v. U.S. Postal Service, 768 F.2d 1091, 1093 (9th Cir. 1985).

Accordingly, Plaintiff's Motion to Amend should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify this 9th day of April 2007, I caused a copy of the foregoing Government's Memorandum in Support of the Government Objection to be electronically filed with the Clerk of the Court using the CM/ECF system.

I further certify that a copy of the foregoing document was served by United States Mail, postage prepaid, first-class to Vasili Rogatch, 40 Harvest Street, Cranston RI 02920.

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: adi.goldstein@usdoj.gov