IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

***VASILI ROGATCH,***
*Plaintiff*

v. Civil Action No. **CA06-54IML**

***MICHAEL CHERTOFF, ET AL,***
*Defendants*

**PLAINTIFFS' MOTION TO REOPEN/RECONSIDER**

COMES NOW Plaintiff Vasili Rogatch, *pro se* and respectfully asks this Honorable Court to reconsider its decision to dismiss the complaint and deny Defendants' motion to dismiss or, as an alternative, dismiss Plaintiff's complaint with leave to amend. The primary reason for this motion is uncovering of the new facts related to the matters presented by Plaintiff in the original complaint. Those facts and other grounds for this motion are presented in the supporting memorandum.

Respectfully Submitted,

Vasili Rogatch, *pro se*

40 Harvest Street,

Cranston, RI 02920, USA

Phone: 401-946-9173

Cell: 401-419-0208

e-mail: vrogatch@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2007, I filed the within Motion To Reopen/Reconsider with the Clerk of the United States District of Rhode Island and a copy has been forwarded by certified mail, postage prepaid, to the Defendants' Counsel at:

United State Attorney

District of Rhode Island

Robert Clark Corrente,

50 Kennedy Plaza, 8th Floor,

Providence, RI 02903

[signature]

Vasili Rogatch, PRO SE

40 Harvest Street,

Cranston, RI 02920, USA

Phone: 401-946-9173

Cell: 401-419-0208

e-mail: vrogatch@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

***VASILI ROGATCH,***
*Plaintiff*

v. Civil Action No. **CA06-541ML**

***MICHAEL CHERTOFF, ET AL,***
*Defendants*

**MEMORANDUM IN SUPPORT OF MOTION TO**

**REOPEN/RECONSIDER**

PREFACE

On March 22, 2007, Defendants filed Motion to Dismiss as a response to Plaintiff's original complaint that was filed with this Court on December 13, 2006. Defendants argued that this Honorable Court lacks subject matter jurisdiction over the facts presented by the Plaintiff and, therefore, asked to dismiss Plaintiff's complaint pursuant to Fed. R.Civ. Pro. 12(b)(1). The motion was granted by the Court's order from April 17, 2007. Plaintiff respectfully asks Court to reconsider its decision and reopen the case based on the new facts and other reasons presented below.

NEW FACTS

1. On February 20, 2007, USCIS announced new criteria for expediting FBI name check processing associated with applications for immigration benefits (such as Plaintiff's). The announcement stated, in particular, that the filing of a mandamus complaint would no longer be considered as a reason for expedited processing of the name check. Attached hereto as Exhibit A.

2. Plaintiff has filed the complaint on December 13, 2007 and it was served to all Defendants well before USCIS announcement. Therefore, Plaintiff expected that

USCIS would request expedited processing of the name check associated with Plaintiff's pending application for permanent residence.

3. On March 7, 2007 Plaintiff received a transfer notice from USCIS stating that Plaintiff's adjustment of status (AOS) application has been transferred from USCIS Vermont Service Center to Texas Service Center to "speed up processing" (see Exhibit B). Because the reason for the delay in processing Plaintiff's application, according to USCIS response from January 30, 2007 (see Exhibit C) was pending security checks and only FBI name check was pending, Plaintiff treated that notice as indication that USCIS requested expedited processing of the name check.

4. On March 31, 2007 Plaintiff received a USCIS notice about appointment for capturing Plaintiff's biometrics. Plaintiff showed up at appointed time on April 5, 2007 and his biometrics were captured.

5. On April 19, 2007 Plaintiff received another transfer notice from USCIS stating that Plaintiff's adjustment of status (AOS) application has been transferred from USCIS Texas Service Center to Vermont Service Center to "Expedite the processing". It became apparent then, that both USCIS transfer notices were not an indication that USCIS requested expedited processing of the name check associated with Plaintiff's AOS application in contradiction with reason for transfer stated in both notices. At the same time, USCIS did request expedited processing of the name check for other aliens who filed mandamus complaint with other district courts (ex. Smirnov v Chertoff (06-12165, MAD)) before USCIS announcement. Thus, USCIS violated Plaintiff's rights to Due Process.

OTHER GROUNDS FOR RECONSIDERATION

The Court cited limitations of 8 USC § 1252 as the reason to dismiss mandamus claim. It seems that the Court misunderstood Plaintiff's intentions because the Court pointed that Plaintiff's prayer for relief does not allow this Court to assume jurisdiction. It particular, the Court noted: "Plaintiff states that he "challenges only the Defendants' timeliness in adjudication of Plaintiff's application [for adjustment of status], not the granting or denial of that application." In his prayers for relief, however, Plaintiff also seeks an order from this Court compelling Defendants "to adjudicate Plaintiff's application with or without name check clearance from FBI.".

Plaintiff's understanding is that "adjudicate" means "to make a decision" and, therefore, limitations of 8 USC § 1252 does not apply. Plaintiff would like to point out that in prayer for relief he is also asking at "iv" to "Order Defendants employed at USCIS to provide the Plaintiff with a written notice of the decision regarding his application for permanent residency". Plaintiff is not asking this Court to order USCIS to provide a notice of approval. Therefore, prayer for relief is consistent with Plaintiff's interpretation of the word "adjudicate". Furthermore, as 1st Circuit Court of Appeals noted in *Succar v. Ashcroft*, 394 F.3d 8 (1st. Cir. 2005): "Section 1252 provides for judicial review of orders of removal, and sets forth limitations on this review". By no means Section 1252 bars this Court from reviewing Pllaintiff's case.

1st Circuit court of appeals also addressed Attorney General discretion regarding 8 USC 1255 in *Succar:* "The terms and provisions of 8 U.S.C. § 1255(a) must be understood in the larger context of the statutory scheme. The immigration laws about adjustment of status are not a haphazard compilation of provisions; they are a calibrated set of rules that govern an area of national importance. Congress in many instances has specifically determined when to give discretion to the Attorney General and when to make its own policy choices". Clearly, 36 month delay in exercising Attorney General's discretion regarding Plaintiff's AOS application is contrary with Congress intentions stated in 8 U.S.C. § 1571.

Therefore, Plaintiff respectfully asks this Honorable Court to reconsider its decision to dismiss the complaint and deny Defendants' motion to dismiss or, as an alternative, dismiss Plaintiff's complaint with leave to amend.

Respectfully Submitted,

[signature]

Vasili Rogatch, PRO SE

40 Harvest Street,

Cranston, RI 02920, USA

Phone: 401-946-9173

Cell: 401-419-0208

e-mail: vrogatch@yahoo.com